(C. D. 328)

R. C. Williams & Co., Inc. *v.* United States

United States Customs Court, Third Division

(Decided May 6, 1940)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville* and *Daniel G. McGrath*, special attorneys), for the defendant.

Before Cline, Evans, and Keefe, Judges; Cline, J., not participating

Evans, Judge: This is an action against the United States wherein the plaintiff seeks to recover certain sums of money claimed to have been illegally assessed on an importation of merchandise entered at the port of New York. The merchandise was described on the invoice as "Advocaat." It was assessed for duty at $5 per proof gallon under paragraph 802 of the Tariff Act of 1930 as distilled

spirits (liqueurs) and an additional tax of $2 per proof gallon was assessed under section 2 of the Liquor Taxing Act (48 Stat. 313). The protest makes the following claims:

Notice of dissatisfaction is hereby given with and protest is hereby made against your decision, liquidation and assessment of duties at $5.00, $2.50 and $2.00 per gal. or other rate or rates on Advocaat covered by the entries below named, or other merchandise covered by said entries, and contained in the cases or packages marked and numbered as below stated. The reasons for objection are as follows:

We claim that said merchandise is properly dutiable at 20¢ per lb. and 25%, or 40¢ per lb. and 25%, or 80¢ per lb. and 25%, under Par. 24 of the Tariff Act of 1930.

\*       \*       \*       \*       \*       \*       \*       \*

In his brief plaintiff's attorney states that he claims the commodity dutiable at 20 cents per pound and 25 per centum under said paragraph 24, and that the internal revenue tax is not applicable. We interpret this claim to be that it is an alcoholic compound not specially provided for containing 20 per centum of alcohol or less.

For convenience of reference we set out the respective paragraphs of the tariff act as follows:

Par. 802. Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value and not specially provided for, $5 per proof gallon.

Par. 24. Chemical elements, and chemical and medicinal compounds, preparations, mixtures, and salts, distilled or essential oils, expressed or extracted oils, animal oils and greases, ethers and esters, flavoring and other extracts, and natural or synthetic fruit flavors, fruit esters, oils and essences, all the foregoing and their combinations when containing alcohol, and all articles consisting of vegetable or mineral objects immersed or placed in, or saturated with, alcohol, except perfumery and spirit varnishes, and all alcoholic compounds not specially provided for, if containing 20 per centum of alcohol or less, 20 cents per pound and 25 per centum ad valorem; containing more than 20 per centum and not more than 50 per centum of alcohol, 40 cents per pound and 25 per centum ad valorem; containing more than 50 per centum of alcohol, 80 cents per pound and 25 per centum ad valorem.

Plaintiff produced a sample of the imported commodity which was received in evidence at the hearing as Exhibit 1, after which an adjournment was had in order that analyses might be produced. On the reconvening of the court a chemist for the plaintiff testified that he had made a quantitative and qualitative analysis and that he found total solids present to the amount of 40.87 grams per 100 cc.; that these solids were made up of 18.36 grams per 100 cc. egg solids, 22.51 grams per 100 cc. of total sugar; that the alcoholic content of the same was 14.8 per centum by volume. He described his method of making the analysis and stated that the commodity was a thick, viscous fluid that would not readily flow; that he was compelled to force the substance from the bottle by pounding or bumping the bottom of the

container, and that finally he was compelled to resort to a glass rod to assist the flow.

The Government chemists, two in number, described the commodity as viscous but stated that it flowed readily at the temperature of 20° C or 68° F. The latter witnesses made a quantitative and qualitative analysis and experts Kahn and Sample found 31.2 per centum of total solids, which consisted of 8.2 per centum of egg or egg products and 23 per centum of sugar. The absolute ethyl alcohol content was found to be 15.3 per centum by volume (11.1 per centum by weight) and the water content 57.7 per centum (by difference).

Each of these witnesses identified a chemical report (plaintiff's Exhibit 3 in evidence) which was received with certain modification.

The plaintiff also produced testimony from its sales representative who is engaged in selling all types of liquor throughout the United States and who was permitted to testify that he always sold Advocaat to liquor stores and never to bars. This is the only testimony that approaches the question of use in the record. The witness further stated that the Federal Alcohol Administration required him to change the name of the label by striking from it the words "Egg Brandy" appearing under the name, and the words "Distilled by" which appear on Exhibit 1 above the name of the producer. Objection was made to this line of testimony, which objections were well taken if the purpose of this evidence was to show that the commodity is not distilled spirits, but it was competent proof to show that the sample introduced in evidence differed from the commodity as released from the customs insofar as the label is concerned. There may have been other reasons why the authorities thought the label improper. We are not required to speculate in these matters. Definite proof should be produced.

We do not believe that the importer has proven a case for the following reasons. His claim is that the merchandise is not a liqueur and therefore not dutiable under paragraph 802, which was intended, he alleges, to embrace distilled spirits for consumption as beverages. He modifies this claim by stating that the paragraph does include bitters which is not strictly a beverage. If anyone ought to know whether this product is a liqueur or not, it should be the manufacturer. On the consular invoice we observe that the merchandise is described as "20 cases Liqueurs" and at the foot of the invoice "Total Liqueur: 48 gallon." Furthermore, the label on the reverse side of the bottle bears this statement:

There are a great variety of Rynbende's delightful liqueurs to choose from, each having its own appeal. Cherry Brandy, Apricot Brandy, Kummel and Advocaat are the warm favorites of the ladies and not a few of the sterner sex are partial to the sweet spirits. * * * Other liqueurs to choose from are Rynebende's Creme de Menthe (the peppermint liqueur) Abdy and Richelieu. Abdy and Richelieu are fine old liqueurs, strong, palatable and stimulating.

While these admissions are not necessarily conclusive, they are persuasive.

Furthermore, there exists a presumption that the collector found the necessary elements present to warrant the classification adopted by him.

As we understand plaintiff's claim it is that this Advocaat is an alcoholic compound not specially provided for, containing 20 per centum of alcohol or less. The analyses in evidence show that the alcoholic content is less than 20 per centum. The term "alcoholic compound" as used in paragraph 24, *supra*, has been interpreted by the court in the case of *C. H. Arnold & Co.*, v. *United States*, 20 C. C. P. A. (Customs) 417, T. D. 46259, as follows:

We are of the opinion that the term "alcoholic compound" found in paragraph 24, *supra*, means a compound or mixture of two or more ingredients, which compound contains alcohol and which alcohol is present when the compound is completed.

Under that definition, which is in line with earlier decisions, the instant commodity might very well be dutiable as claimed, were it not specially provided for. However, we consider that it is specially provided for in paragraph 802, as assessed by the collector, either as a liqueur or as distilled spirits. Those designations are more specific than the broad term "alcoholic compound" which latter term would include wines, certain so-called sauces used in hotels and restaurants as flavoring in the preparation of sauces, and various other commodities.

We therefore find that the plaintiff has failed to sustain the burden cast upon him of proving the incorrectness of the collector's classification and assessment under the Tariff Act of 1930.

Having found that the commodity involved is distilled spirits, we find no support for the claim that the tax of $2 per gallon under the Liquor Taxing Act is inapplicable.

Judgment will be rendered for the defendant. It is so ordered.